IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>DANNY DOUGLAS MEADOWS, )<br>)<br>Defendant. )<br>) | Case No. 7:17CR00005<br><br>**ORDER**<br><br>By: Hon. Glen E. Conrad<br>Senior United States District Judge |

On January 19, 2017, a grand jury returned a multi-count indictment that charged Danny Douglas Meadows and others with drug-related crimes. Count One charged Meadows and others with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. Counts Two and Four charged Meadows with distribution and possession with intent to distribute methamphetamine, respectively, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Meadows pled guilty to Count One on May 2, 2017. ECF No. 127. On August 24, 2017, the court sentenced Meadows to a term of 66 months of incarceration and three years of supervised release. ECF No. 190. Meadows is currently incarcerated at Federal Correctional Institution Morgantown ("FCI Morgantown"). During his time in custody, Meadows has demonstrated great initiative in completing educational programs and has maintained a clean disciplinary record. His projected release date is June 8, 2022.

Meadows, now 44 years old, has been diagnosed with chronic Lyme disease, but does not describe any other health concerns. See FPD Resp. & Ex. B. In addition, FCI Morgantown has no reported active cases of COVID-19 among its inmates and staff, although two staff members have apparently recovered from the virus. See https://www.bop.gov/coronavirus/ (last visited Sept. 3, 2020).

On May 21, 2020, and June 19, 2020, Meadows applied to the warden at FCI Morgantown for compassionate release to home confinement. ECF No. 310 at 2; ECF No. 310-1. These requests were denied. On July 21, 2020, Meadows, proceeding pro se, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Section 603(b) of the First Step Act of 2018. The Federal Public Defender ("FPD") was appointed in the case, pursuant to Standing Order 2019-1. The FPD submitted a filing containing certain factual information relevant to the motion, but declined to submit further argument on Meadows' behalf. ECF No. 319. The government has since filed a response in opposition to the motion.

A district court "may not modify a term of imprisonment once it has been imposed," except in narrow circumstances. 18 U.S.C. § 3582(c). As is relevant here, the compassionate release statute, as amended by Section 603(b) of the First Step Act, provides as follows:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such reduction; . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In part, the government argues that Meadows has not shown extraordinary and compelling reasons for a reduction in his sentence. The court agrees, and thus need not address the government's other arguments.

First, the court concludes that Meadows has not shown that he has the type of medical conditions that may justify compassionate release. By statute, the Sentencing Commission is responsible for promulgating policy statements that "describe what should be considered

2

extraordinary and compelling reasons" for compassionate release, "including the criteria to be applied." 28 U.S.C. § 994(t).  In a policy statement issued in accordance with § 994(t), the Sentencing Commission identified several circumstances in which "extraordinary and compelling reasons" exist for compassionate release.  U.S.S.G. § 1B1.13 cmt. n.1.  One such circumstance is where the defendant is suffering from a terminal medical illness, or a serious physical or mental condition that substantially diminishes the defendant's ability to provide self-care while incarcerated.  Id. cmt. n.1(A).  Meadows has not described or documented any such medical condition.  While the court is sympathetic to the difficult challenges that chronic Lyme disease may present, that condition is not among those that the Centers for Disease Control list as creating greater risk for those infected by COVID-19.  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Sept. 3, 2020).

     Second, as of the date of this order, there are no active, reported cases of COVID-19 at FCI Morgantown.  The Bureau of Prisons has taken extensive measures to prevent the spread of COVID-19 at its institutions.  Thus far, those efforts appear to have succeeded in protecting Meadows and his fellow inmates.  The sheer possibility that COVID-19 will spread in Meadows' facility is not sufficient to warrant his release.  As the United States Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (opinion amended on Apr. 8, 2020).

For these reasons, the court concludes that Meadows has not demonstrated that extraordinary and compelling reasons warrant his release from incarceration. Accordingly, it is hereby

**ORDERED**

that Meadows' motion for compassionate release (ECF No. 310) is **DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send a copy of this order to the defendant, the Federal Public Defender, and counsel of record for the United States.

DATED: This __3rd__ day of September, 2020.

_____
Senior United States District Judge