IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Case No. 7:17CR00005 |
| v. | ) ) | **ORDER** |
| DANNY DOUGLAS MEADOWS, | ) ) | By: Hon. Glen E. Conrad |
| Defendant. | ) ) ) | Senior United States District Judge |

Defendant Danny Douglas Meadows, by counsel, previously filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by Section 603(b) of the First Step Act of 2018. That motion was denied on September 4, 2020. Meadows, proceeding pro se, has now filed a motion for reconsideration. For the following reasons, the motion will be denied without prejudice.

On May 2, 2017, Meadows pled guilty to conspiracy to possess with intent to distribute a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Prior to sentencing, a probation officer prepared a presentence investigation report ("PSR") that summarized Meadows's offense conduct. According to the PSR, in 2015, a joint investigation with the Drug Enforcement Agency and state and local law enforcement discovered a largescale drug distribution ring moving methamphetamine into southwest Virginia. Meadows was identified as a street-level dealer. In December 2015 and February 2016, investigators conducted controlled purchases of methamphetamine from Meadows. After Meadows was arrested for his role in the distribution scheme, investigators seized firearms and contraband—including 144.024 grams of methamphetamine—from his home.

Based on a statement Meadows made to investigators after being advised of his Miranda rights, the PSR found Meadows responsible for 1.39545 kilograms of methamphetamine. The drug quantity and type produced a base offense level of 30. Having also received a two-level enhancement for possessing a dangerous weapon and a three-level downward adjustment for accepting responsibility for his offense, Meadows's adjusted total offense level was 29. When combined with a criminal history category of II, the total offense level produced a recommended range of imprisonment of 97 to 121 months.

Meadows appeared for sentencing on August 24, 2017. At that time, the court adopted the PSR and, upon joint motion by the parties, imposed a sentence below the guideline range. Meadows received a sentence of 66 months' incarceration and three years of supervised release. His projected release date, with credit for good conduct, is June 8, 2022.

Meadows is 44 years old and suffers from chronic Lyme disease. He is presently incarcerated at FCI Morgantown. At the time Meadows filed his original motion for compassionate release, there were no reported cases of COVID-19 at the facility. As of October 14, 2020, two inmates and two staff members have recovered from COVID-19, and two other inmates have tested positive for the virus. See https://www.bop.gov/coronavirus/ (last visited Oct. 15, 2010). Meadows argues that this change in circumstances warrants reconsideration of whether he is entitled to compassionate release.

As stated in the court's previous order, Meadows's request for compassionate release is governed by 18 U.S.C. § 3582(c). This section, as amended by Section 603(b) of the First Step Act, provides as follows:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of

> the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such reduction; . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, the government does not dispute that Meadows has satisfied the exhaustion requirement of § 3582(c)(1)(A). Instead, the government argues (1) that Meadows has not met his burden of establishing that compelling and extraordinary reasons warrant his release and (2) that the factors set forth in 18 U.S.C. § 3553(a) do not support granting Meadows compassionate release.* For the following reasons, the court agrees.

First, as the court concluded in its previous order, Meadows has not shown that he has the type of medical conditions that may justify compassionate release. While the court again expresses its sympathy for the difficult challenges that chronic Lyme disease may pose, that condition is not among those that the Centers for Disease Control list as creating greater risk for those infected by COVID-19. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 14, 2020). Accordingly, Meadows has not shown an extraordinary and compelling reason for release articulated by the United States Sentencing Commission pursuant to its authority under 28 U.S.C. § 994(t). See U.S.S.G. § 1B1.13 cmt n.1.

Second, the factors set forth in § 3553(a) also do not support release. Meadows admitted to participating in a significant methamphetamine distribution ring, and a search of Meadows's home following his arrest uncovered firearms and contraband. Moreover, Meadows committed

---

* The factors include, among others, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for just punishment, adequate deterrence, protection of the public, and rehabilitation; and the need to avoid unwanted sentencing disparities. 18 U.S.C. § 3553(a).

the underlying offense while already under a sentence imposed by the Wythe County Circuit Court for misdemeanor possession of drug paraphernalia.

Against this backdrop, the court cannot conclude that compassionate release is warranted at this time. While the court commends Meadows for completing educational programs and maintaining a clean disciplinary while incarcerated, the balance of applicable factors set forth in § 3553(a) weigh against release. Specifically, after considering Meadows's history and characteristics and the seriousness of his offense, as well as the need to afford adequate deterrence, protect the public, promote respect for the law, and avoid unwanted sentencing disparities, the court finds that Meadows is not an appropriate candidate for compassionate release at this time. Accordingly, it is hereby

**ORDERED**

that Meadows's motion for reconsideration (ECF No. 325) is **DENIED WITHOUT PREJUDICE**.

The Clerk is directed to send a copy of this order to the defendant, the Federal Public Defender, and counsel of record for the United States.

DATED: This __15th__ day of October, 2020.

_____
Senior United States District Judge